UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASEY J. HOGLE,

        Plaintiff,

vs                                            Case No.
                                               Hon.

HANNAH AVERY, *Personal Representative for the* Estate of SARAH JO RAMSEY, *deceased*, and KENTUCKY FARM BUREAU,

        Defendants.
_____/

SAM BERNSTEIN LAW
By: JOSEPH J. CEGLAREK II (P56791)
WAFA G. BERRY (P87986)
Attorneys for Plaintiff
31440 Northwestern Highway, Suite 333
Farmington Hills, MI 48334
(248) 538-5131/Secretary:  (248) 538-5938
Fax (248) 785-6008
jceglarek@sambernstein.com
wberry@sambernstein.com
pferus@sambernstein.com (Legal Sec.)
abarnett@sambernstein.com (Legal Asst.)
_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this Court.

                                       */s/ Joseph J. Ceglarek, II*
                                       JOSEPH J. CEGLAREK, II (P56791)

## **COMPLAINT AND JURY DEMAND**

        NOW COMES the Plaintiff, KASEY J. HOGLE, by and through her attorneys, SAM BERNSTEIN LAW, by JOSEPH J. CEGLAREK II, and for her cause of action against the Defendants, HANNAH AVERY, *Personal Representative for the* Estate of SARAH JO

THE SAM BERNSTEIN LAW FIRM

31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

RAMSEY, *deceased,* and KENTUCKY FARM BUREAU and hereby shows unto this Honorable Court as follows:

## GENERAL AVERMENTS

1. That the Plaintiff, KASEY J. HOGLE (HOGLE) was/is a resident of the Township of Grass Lake, County of Jackson, State of Michigan.

2. That upon information and belief and for all times relevant herein, the Defendant, HANNAH AVERY, *Personal Representative for the* Estate of SARAH JO RAMSEY, *deceased,* and the Defendant's decedent, SARAH JO RAMSEY, were/are residents of the City of Albany, County of Clinton, State of Kentucky.

3. That for all times relevant herein and by order of the Circuit Court for the County of Clinton, State of Kentucky, HANNAH AVERY was named the Personal Representative for the Estate of SARAH JO RAMSEY.

4. That upon information and belief and for all times relevant herein, Defendant KENTUCKY FARM BUREAU (FARM BUREAU), is an insurer domiciled in Kentucky and licensed to write automobile insurance policies and operate business in the state of Kentucky.

5. That for all times relevant herein, all the acts, transactions and occurrences arose within White Oak Township, County of Ingham, State of Michigan.

6. That the amount in controversy in this litigation exceeds the sum of Seventy-Five Thousand ($75,000.00) Dollars exclusive of costs, interest and attorney fees.

7. That for all times relevant herein and upon information and belief, the Defendant's decedent, SARAH JO RAMSEY, was the register owner of a 2013 Hyundai Sonata with a VIN#5NPEB4AC5DH701691 and registered with the State of Kentucky, bearing license 982NZT.

2

8. That venue in this matter is proper pursuant to 28 U.S.C. sec. 1391.

9. That jurisdiction in this matter is proper pursuant to diversity, 28 U.S.C. sec. 1332.

10. That this Honorable Court has jurisdiction to grant declaratory relief, pursuant to 28 USC sec. 2201 and Fed. Rule Civ. Pro. 57, when such a decision will terminate the controversy between one or more parties.

11. That the motor vehicle collision that gives rise to this negligence action and request for declaratory relief occurred on June 4, 2023, in the County of Ingham, State of Michigan.

## COUNT I—NEGLIGENT OPERATION OF A MOTOR VEHICLE

12. Plaintiff hereby adopts and incorporates by reference as though fully set forth herein, each and every allegation contained in the General Averments of the Complaint.

13. That on or about June 4, 2023, the Plaintiff, HOGLE., was the owner/operator of a 2018 Chevrolet Equinox motor vehicle with a VIN#3GNAXJEV2JS538842 registered with the State of Michigan bearing a Michigan license number of H0GLE29.

14. That on the aforementioned date, Plaintiff, HOGLE, operated her motor vehicle southbound on Stockbridge Road at or near the Stockbridge Road/Howell Road intersection within White Oak Township, County of Ingham, State of Michigan.

15. That for all times relevant herein, Stockbridge Road is a primary roadway and is not controlled by any traffic control device.

16. That for all times relevant herein, Howell Road is an intersecting roadway and is controlled by two traffic control devices in each east and west direction with an additional signage advising traffic that *"Cross Traffic Does Not Stop."*

THE SAM BERNSTEIN LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

17. That for all times relevant herein, the Defendant decedent, RAMSEY, operated her motor vehicle eastbound on Howell Road at or near the Howell Road/Stockbridge Road intersection within White Oak Township, County of Ingham, State of Michigan.

18. That for all times relevant herein, Plaintiff, HOGLE, entered the subject intersection with no traffic control device and under the protection of the right of way.

19. That for all times relevant herein, the Defendant's decedent, RAMSEY, did negligently, carelessly recklessly and unlawfully operate her vehicle at an excessive rate of speed while distracted by her cell phone, disregarded two traffic control devices with cross traffic warnings and failed to yield the right of way which caused a violent, tragic and fatal collision with the Plaintiff's vehicle and resulted in your Plaintiff sustaining serious, permanent and grievous injuries which will be more specifically asserted below.

20. That it then and there became and was the duty of the Defendant's decedent, RAMSEY, to drive said motor vehicle with due care and caution in accordance with the statutes of the State of Michigan, the rules of the common law, and the rules applicable to the operation of motor vehicles during performance of police work. Notwithstanding said duties, your Defendant's decedent, RAMSEY, did breach and violate the same in one or more of the following particulars:

    (a) *Unlawfully, recklessly and negligently driving said motor vehicle on the highway at a speed greater than would permit one to bring it to a stop within the assured clear distance ahead, contrary to the provisions of MCL 257.627;*

    (b) *Driving at an excessive and unlawful speed;*

    (c) *Disregard/disobey traffic control device, contrary to MCL 257.611;*

    (d) *Failing to keep a proper lookout for any traffic when Defendant knew or should have known that such failure would endanger the life and limb of other persons along and upon said highway;*

THE SAM BERNSTEIN LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419
1-800-225-5726
A PROFESSIONAL LIMITED LIABILITY COMPANY

4

    (e)    *Failing to give audible warning of the approach or presence of said motor vehicle when reasonably necessary to insure its safe operation as required by MCL 257.627;*

    (f)    *Failing to have said automobile equipped with brakes adequate to control its movement and stop and hold it as required by MCL 257.627;*

    (g)    *Unlawfully, recklessly and negligently driving said motor vehicle in a distracted manner (i.e., texting, phone use, drinking, eating, etc.) which prevented the Defendant from being able to observe the current traffic conditions and allow the Defendant to bring his vehicle to a stop in an assured clear distance prior to striking the Plaintiff's vehicle contrary to MCL 257.602;*

    (h)    *Failed to yield the right of way to opposite traffic, contrary to MCL 257.649;*

    (i)    *In otherwise negligently failing to exert that degree of care, caution, diligence and prudence as would be demonstrated by a reasonably prudent person under the same or similar circumstances and in otherwise causing the injuries and damages to your Plaintiff as hereinafter alleged;*

    (j)    *In light of the clear statutory violations, the Defendant's decedent, RAMSEY, is guilty of Negligence Per Se; and*

    (k)    *In other manners as yet unknown to Plaintiff but which will become known during the course of discovery.*

21. That as a direct and proximate result of the negligent acts and/or omissions on the part of the Defendant's, RAMSEY, the Plaintiff, HOGLE, was caused and will be caused in the future to suffer with severe, grievous and permanent personal injuries, disability, damages, serious impairment of bodily functions, and permanent, serious disfigurement, the full extent and character of which are currently unknown, but which will include, but are not necessarily limited to the following injuries:

    a.    *Traumatic Brain Injury with severe and debilitating headaches, loss of balance, loss of concentration, loss of focus, short term memory loss, etc.*

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726
A PROFESSIONAL LIMITED
LIABILITY COMPANY

b. Post-Traumatic Stress Disorder;

c. Acute cervical injury resulting in radicular symptoms;

d. Acute lumbar injury, including but not limited to fractures of L1, L2, and acute development of symptomatic spinal stenosis, resulting in radicular symptoms;

e. Acute thoracic injury resulting in radicular symptoms;

f. Multiple fractures to both ankles resulting in ORIF;

g. Large laceration to forehead over left eyebrow requiring multiple sutures;

h. Severe exacerbation of pre-existing conditions, degenerative diseases and/or other ailments;

i. Various and diverse injuries to the extremities with all attendant injuries to the back, neck, bones, muscles, tissues, nerves, cartilages, ligaments and tendons thereof;

j. Pain, suffering, discomfort, disability, extreme physical and emotional suffering;

k. Severe and continuing embarrassment, humiliation, anxiety, tension and mortification;

l. Loss of the natural enjoyments of life;

m. Fright and shock; mental anguish and emotional distress;

n. Loss of social pleasures and ability to perform activities of daily living;

o. Excess wage loss beyond the three year no-fault entitlement and loss of future earning capacity; and

p. Excess medical, attendant care and replacement care services;

q. Medical lien, billings, or other excess no fault benefits; and

r. Scarring and permanent serious disfigurement.

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

22. That as a direct and proximate result of the Defendant's decedent, RAMSEY'S, negligence and unlawful conduct, Plaintiff, HOGLE, has been required to undergo various and certain medical and operative procedures and will be required to undergo like treatment in the future, including, but not limited to surgery.

WHEREFORE, Plaintiff, KASEY J. HOGLE, prays the Honorable Court award damages against the Defendant, Defendants, HANNAH AVERY, *Personal Representative for the* Estate of SARAH JO RAMSEY, *deceased,* and KENTUCKY FARM BUREAU in whatever amount Plaintiff is found to be entitled to receive, together with costs, interest and attorney fees.

## COUNT II
## DECLARATORY RELIEF – KENTUCKY FARM BUREAU

23. Plaintiff HOGLE adopts and incorporates by reference each and every allegation contained in the preceding paragraphs as if specifically stated herein as part of this Count.

24. That upon information and belief, Defendant Farm Bureau insured the Defendant's Decedent under an automobile insurance policy in Kentucky, which provided policy limits of $50,000.00 per person for residual bodily injury coverage, but it was also likewise subject to the statutory minimum financial responsibility laws of the state where the motor vehicle collision occurred, i.e., Michigan.

25. That upon information and belief, liability coverage owed to Defendant's decedent under the auto policy issued in Kentucky by FARM BUREAU provides that if an accident covered under this policy occurs in any state, territory or province with the policy territory but other than the one which an insured auto is principally garaged (as shown in FARM BUREAU's records), and that other state, territory or province has a financial responsibility, compulsory or mandatory insurance or other similar law that requires all owners or operators to have liability insurance with limits of liability for bodily injury or property damage higher than the limits shown

THE
SAM BERNSTEIN
LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS,
MICHIGAN 48334-5419

1-800-225-5726

A PROFESSIONAL LIMITED
LIABILITY COMPANY

on the declarations, we will provide that required higher limit for liability coverage under this policy.

26. That in fact, the applicable certified policy reads as follows:

**OUT OF STATE COVERAGE**

If an auto accident to which this policy applies occurs in any state or province other than the one in which **your covered auto** is principally garaged, we will interpret your policy for that accident as follows:

A. If the state or province has:
1. A financial responsibility or similar law specifying limits of liability for **bodily injury** or **property damage** higher than the limit shown in the Declarations, your policy will provide the higher specified limit.
2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

B. No one will be entitled to duplicate payments for the same elements of loss.[1]

27. That in Michigan, the statutory minimum financial responsibility law requires coverage of not less than $250,000.00 per person, $500,000.00 per accident after July 1, 2020, unless the insured opted out by selecting less coverage as allowed by MCL 500.3009(5).

28. That in light of the clear liability and the severity of the Plaintiff's injuries, Defendant FARM BUREAU made a specific tender of the available $50,000 policy limits under the provisions of the Kentucky Farm Bureau policy.

29. That Plaintiff advised the Defendant FARM BUREAU of the applicable Michigan Statute and requested that the Defendant provide an executed selection form as allowed by MCL 500.3009(5).

30. That the Defendant FARM BUREAU failed to produce the required executed selection form as allowed by MCL 500.3009(5).

THE SAM BERNSTEIN LAW FIRM
31440 NORTHWESTERN HIGHWAY
SUITE 333
FARMINGTON HILLS, MICHIGAN 48334-5419
1-800-225-5726
A PROFESSIONAL LIMITED LIABILITY COMPANY

---

[1] See Exhibit 1 – Defendant's Applicable Certified Insurance Policy.

31. That as a Kentucky insured, Defendant's decedent (RAMSEY) never opted out of the statutorily mandated minimum liability coverage amount of $250,000 per person/$500,000 per accident as required in Michigan after July 1, 2020. Thus, the coverage owed to the Defendant's decedent (RAMSEY), pursuant to MCL 500.3009, is $250,000/$500,000 and not $50,000/$100,000.

WHEREFORE, Plaintiff, KASEY HOGLE, prays for a declaratory ruling, pursuant to 28 USC sec. 2201 and Fed. Rule Civ. Pro. 57, on her claim against Defendant KENTUCKY FARM BUREAU and asks that this Honorable Court hold that the statutory minimum liability coverage in Michigan is $250,000/$500,000 in coverage to RAMSEY for her Estate's liability resulting from the subject motor vehicle collision in Michigan that injured your Plaintiff, KASEY HOGLE.

Respectfully submitted,

**SAM BERNSTEIN LAW**

/s/Joseph J. Ceglarek, II
JOSEPH J. CEGLAREK, II (P56791)
WAFA G. BERRY (P87986)
Attorney for Plaintiff
31440 Northwestern Highway, Suite 333
Farmington Hills, MI 48334
(248) 538-3151/Secretary: (248) 538-5938
jceglarek@sambernstein.com
wberry@sambernstein.com
pferus@sambernstein.com (Secretary)
abarnett@sambernstein.com (Legal Asst.)

Dated: February 18, 2025

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASEY J. HOGLE,

        Plaintiff,

vs                                                         Case No.
                                                         Hon.

HANNAH AVERY, *Personal Representative*
*for the* Estate of SARAH JO RAMSEY, *deceased*, and
KENTUCKY FARM BUREAU,

        Defendants.
_____/

SAM BERNSTEIN LAW
By: JOSEPH J. CEGLAREK II (P56791)
WAFA G. BERRY (P87986)
Attorneys for Plaintiff
31440 Northwestern Highway, Suite 333
Farmington Hills, MI 48334
(248) 538-5131/Secretary:  (248) 538-5938
Fax (248) 785-6008
jceglarek@sambernstein.com
wberry@sambernstein.com
_____/

## JURY DEMAND

    NOW COMES the Plaintiff, KASEY J. HOGLE, by and through her attorneys, SAM BERNSTEIN LAW, by JOSEPH J. CEGLAREK, II, and hereby respectfully requests a trial by jury in the above-entitled cause of action.

                                                       **SAM BERNSTEIN LAW**

                                                       /s/Joseph J. Ceglarek, II
                                                       JOSEPH J. CEGLAREK, II (P56791)
                                                       Attorney for Plaintiff
                                                       31440 Northwestern Highway, Suite 333
                                                       Farmington Hills, MI 48334
                                                        (248) 538-3151/Secretary: (248) 538-5938
                                                       jceglarek@sambernstein.com
Dated:  February 18, 2025                    wberry@sambernstein.com