UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KASEY J. HOGLE,

    Plaintiff,

v.

HANNAH AVERY, as personal
representative for the estate of SARAH JO
RAMSEY, et al.,

    Defendants.
_____/

Case No. 1:25-cv-193

Hon. Hala Y. Jarbou

## **OPINION**

Before the Court are the cross-motions of Plaintiff Kasey Hogle and Defendant Kentucky Farm Bureau (KFB) for summary judgment. The sole contested issue is whether the automobile-insurance policy KFB issued to Sarah Jo Ramsey, who was killed in a collision with Hogle's car, obligated KFB to provide Ramsey with a higher level of liability coverage when driving in Michigan. Because the Michigan statute that establishes default coverage levels for Michigan auto-insurance policies does not apply to out-of-state policies, Hogle's interpretation of Ramsey's policy fails. The Court will therefore deny Hogle's motion and grant KFB's.

### I.    BACKGROUND

On June 4, 2023, Kasey Hogle and Sarah Jo Ramsey were involved in a car accident in Michigan that resulted in Ramsey's death and Hogle's sustaining serious injuries. (Br. in Supp. of Pl.'s MSJ 1, ECF No. 28.) Ramsey was a resident of Kentucky. (Policy, ECF No. 31-4, PageID.318.) KFB's policy insuring Ramsey was limited to covering $50,000 in bodily injury liability. (*Id.*) KFB paid Hogle the $50,000, but she insisted that the insurer was obliged to cover

liability up to the default coverage level Michigan law requires Michigan drivers to carry, namely $250,000. (Pl.'s MSJ 1.) The current declaratory-judgment action followed.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If the movant does not bear the burden of persuasion at trial, the necessary showing can be made by submitting "affirmative evidence that negates an essential element of the nonmoving party's claim," *Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986) (Brennan, J., dissenting), or by "pointing out" that there is no evidence supporting such an element, *id.* at 325 (majority opinion). The nonmovant must then present "'sufficient evidence from which a jury could reasonably find' in its favor." *Davis v. Sig Sauer, Inc.*, 126 F.4th 1213, 1230 (6th Cir. 2025) (quoting *Troutman v. Louisville Metro. Dep't of Corr.*, 979 F.3d 472, 481 (6th Cir. 2020)). When the movant does "bear[] the ultimate burden of persuasion" at trial, "a substantially higher hurdle must be surpassed," *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001); the case for the movant must be "such that every reasonable juror" would rule in their favor, *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *see Trs. of Iron Workers Defined Contribution Pension Fund v. Next Century Rebar, LLC*, 115 F.4th 480, 488–89 (6th Cir. 2024). These requirements apply independently when parties file cross-motions for summary judgment: just as the Court may find "that one party sufficiently demonstrated that no genuine issue of material fact existed," it may also find that "neither party met its burden . . . when all inferences were drawn, in turn, for the non-moving party." *B.F. Goodrich Co. v. U.S. Filter Corp.*, 245 F.3d 587, 593 (6th Cir. 2001).

## III.  ANALYSIS

Under Mich. Comp. Laws § 500.3009(1), an automobile insurance policy "delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged

in this state" must provide at least $250,000 in liability coverage for the injury of one person in an accident. Lower coverage thresholds are permissible under the statute, but the policyholder must request them in writing. It is undisputed that Ramsey did not request a lower amount of coverage, that Ramsey's policy was not issued in Michigan, and that she was a Kentucky resident. The sole question before the Court is whether the policy's out-of-state provision incorporated Michigan's liability limits.

This Court recently addressed this exact question in *Esurance Insurance Company v. Howton*, No. 1:25-cv-477 (W.D. Mich. Oct. 8, 2025). The policy at issue in *Esurance* was delivered to Indiana for a car registered and garaged in that state. The party contending that the policy incorporated Michigan's default liability-coverage provision also pointed to language guaranteeing that Esurance would provide the coverage required by another state's financial-responsibility law. *Id.*, slip op. at 2. The Court found that the party's interpretation of the policy "contradict[ed] both the language of the contract and common sense." *Id.*, slip op. at 3. Section 500.3009(1), the Court found, does not establish a default coverage threshold for policies delivered to other states, so it did not trigger the "out-of-state coverage provision" in the Indiana policy. *Id.*, slip op. at 4.

This case is on all fours with *Esurance*. Here too Hogle contends that the out-of-state provision in Ramsey's policy automatically increased her coverage to Michigan's default thresholds. But that provision only applies if a state law "specif[ies] limits of liability" higher than those provided for by the policy. Section 500.3009(1) does not specify that out-of-state policies must provide the same minimum level of coverage that it established for Michigan policies. Section 500.3009(1) is completely silent on the coverage out-of-state drivers receive, so it is not a financial-responsibility law with respect to those drivers. Nor does Hogle contend that section

3

500.3009(1) is a "compulsory insurance" law requiring out-of-state drivers to maintain a minimum amount of coverage. And Hogle is silent about Mich. Comp. Laws § 500.3102, which does extend the coverage requirement set out in section 500.3009(1) to out-of-state cars that operate in Michigan for more than thirty days in a calendar year. Unlike in *Esurance*, there is no dispute of material fact over whether Ramsey operated her car for more than thirty days in Michigan in the year she was killed; Hogle presented no evidence that would permit that conclusion. Consequently, Hogle fails to show that Michigan's default coverage levels were incorporated into Ramsey's policy by virtue of the out-of-state coverage provision. *Esurance*, slip op. at 4; *cf. Kennard v. Liberty Mut. Ins. Co.*, 988 N.W.2d 797, 799 (Mich. Ct. App. 2022) (out-of-state insurers not obliged to extend Michigan no-fault coverage to one "who provides no indication . . . of being a Michigan resident" (quoting *Farm Bureau Ins. Co. v Allstate Ins. Co.*, 592 N.W.2d 395, 397 (Mich. Ct. App. 1998))). KFB satisfied its obligations under the policy when it tendered the $50,000 to Hogle. (Pl.'s MSJ 1.)

## IV.   CONCLUSION

KFB's auto-insurance contract with Sarah Jo Ramsey did not incorporate the liability coverage requirements Michigan law makes applicable to Michigan cars, so Hogle is not entitled to declaratory relief. The Court will therefore deny Hogle's motion for summary judgment.[1] For the same reason, KFB's motion for summary judgment will be granted.

An order consistent with this Opinion shall issue.

Dated: November 5, 2025              /s/ Hala Y. Jarbou
                                     HALA Y. JARBOU
                                     CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Hogle's claim that Ramsey's negligent driving caused the accident is not affected by this outcome.

4